954 F.2d 735
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN re Joseph S. MARESCA.
 No. 91-1464.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1992.
Rehearing Denied Feb. 24, 1992.
 
 Before ARCHER, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ARCHER, Circuit Judge.
 
 
 1
 The decision of the Patent and Trademark Office Board of Patent Appeals and Interferences, dated July 30, 1991, is affirmed. Because we affirm the judgment on the 35 U.S.C. § 112 grounds as discussed below, we need not reach the section 103 issue.
 
 
 2
 The board held that claims 1-19 of petitioner's application, Serial No. 07/463,974, were unpatentable because the enablement requirement of the first paragraph of 35 U.S.C. § 112 was not satisfied. It found, inter alia, that the application "fails to reveal ... the manner by which the processing system takes the input data and produces the desired results," does not disclose "the formulas [or] the manner in which they are executed," fails to show how the "data (and formulas) can be entered in any sequence," and, in general, does not indicate "how the processor acts on the input data to generate the output results and also carry out the other claimed functions." Further, the board found that petitioner submitted no rebuttal evidence and that his "[a]rgument[s] ... cannot take the place of evidence."
 
 
 3
 Although enablement is a question of law, and therefore, freely reviewable, we review the board's underlying factual findings for clear error. In re Vaeck, 947 F.2d 488, 495, 20 USPQ2d 1438, 1444 (Fed.Cir.1991); In re Wands, 858 F.2d 731, 735, 8 USPQ2d 1400, 1402 (Fed.Cir.1988). In this case, because Maresca has not shown the board's findings to be clearly erroneous, we conclude that the board did not err in determining that the application does not contain an enabling disclosure. Therefore, we affirm the board's determination of unpatentability of the claimed invention under 35 U.S.C. § 112, first paragraph.